# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONDRE SELTZER, an individual,<br><br>　　　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>HEADS AND TAILS, INC., a California Corporation; ANTHONY LOIACONO, an individual; and Does 1 through 10, Inclusive,<br><br>　　　　　　　　　　　　　　Defendant. | CASE NO. 10CV1245 JLS (BLM)<br><br>**ORDER DENYING MOTION TO ENFORCE AGREED SETTLEMENT AND DISMISS ACTION**<br><br>(ECF No. 29) |

Presently before the Court is Defendants Heads and Tails, Inc. ("Heads and Tails"), and Anthony Loiacono's ("Loiacono," and collectively, "Defendants") motion to enforce agreed settlement and dismiss action. (Mot. to Enforce, ECF No. 29) Also before the Court are Plaintiff Ondre Seltzer's ("Seltzer" or "Plaintiff") response in opposition, (Resp. in Opp'n, ECF No. 35), and Defendants' reply in support, (Reply in Supp., ECF No. 28). Concluding that the motion could not be granted on the papers, declarations, and exhibits alone, (Order, Feb. 22, 2012, ECF No. 39), the Court set this matter for an evidentiary hearing, which was held on March 13, 2012. After considering the parties' arguments, the evidence submitted,[1] and the law, the Court **DENIES** Defendants' motion.

---

[1] At the March 13, 2012, evidentiary hearing, Defense counsel objected to Plaintiff's exhibit I, on the grounds that it is irrelevant. The objection was sustained. Exhibit I, which is a complaint filled against Defendants in the Middle District of Tennessee, is not relevant to this action.

**BACKGROUND**

Seltzer filed the original complaint in this action on June 10, 2012, asserting claims for breach of contract, fraud, promise without intent to perform, rescission of contract, declaratory relief, and permanent injunctive relief. (Compl., ECF No. 1)  The dispute arises out of a funding agreement whereby Seltzer provided Defendants with a $200,000 loan. (*Id.* ¶ 12)

Defendants answered the complaint on November 4, 2010, (ECF Nos. 15, 16), and the parties conducted discovery thereafter.  Beginning in July or August of 2011, the parties commenced settlement negotiations. (Mot. to Enforce 3, ECF No. 29); (Resp. in Opp'n 2, ECF No. 35)  Pursuant to these negotiations, several telephone discussions were had and several letters were exchanged.  Permeating these discussions and letters was the suggestion that Defendants were experiencing "severe financial difficulties," (Decl. of David P. Beitchman ISO Resp. in Opp'n ("Beitchman Decl.") Ex. C, at 13, ECF No. 35-1),[2] and Plaintiff's consistent request for verification of Defendants' financial situation, (*id.* Exs. A, B, E).

Eventually, on October 25, 2011, Plaintiff's counsel sent a letter "confirm[ing] the settlement agreement reached between the parties," indicating that "[t]his agreement represents the essential agreed terms." (Decl. of Dennis F. Donovan ISO Mot. to Enforce ("Donovan Decl.") Ex. 2, ECF No. 29 ("Settlement Confirmation letter"))  And, on October 26, 2011, Plaintiff filed a Notice of Settlement, indicating that "a settlement has been reached . . . with regard to all claims and issues against defendants." (Not. of Settlement 1, ECF No. 26)  That same day, Magistrate Judge Major issued an Order confirming settlement and setting deadline to file joint motion for dismissal. (Order, Oct. 26, 2011, ECF No. 27)  The parties failed to file a joint motion for dismissal by the Court's deadline, and informed Magistrate Judge Major that there was "a dispute regarding the allegedly previously agreed upon settlement." (Order, Dec. 16, 2011, ECF No. 28)  As a result, Defendants filed the instant motion to enforce agreed settlement and dismiss action on January 12, 2012. (Mot. to Enforce, ECF No. 29)

//

---

[2] Pin cites to citations to the parties' exhibits correspond to the page numbers assigned by CM/ECF.  The lettering of Plaintiff's exhibits corresponds to the order of the exhibits filed with Plaintiff's response in opposition, not those provided to the Court during the evidentiary hearing.

## LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). The Court "may enforce only *complete* settlement agreements," however. *Id.* Thus, "[w]here material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id.*; *see also Russell v. Puget Sound Tug & Barge Co.*, 737 F.2d 1510, 1511 (9th Cir. 1984) ("Summary enforcement of a settlement agreement 'is ill-suited to situations presenting complex factual issues related either to the formation or consummation of the [settlement] contract, which only testimonial exploration in a more plenary proceeding is apt to satisfactorily resolve.'" (alteration in original) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969))).

"'The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally.'" *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (quoting *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)). Accordingly, the Court applies California law regarding the formation and interpretation of the parties' alleged settlement agreement.

## ANALYSIS

Here, the parties contest only the existence of any settlement agreement. Defendants contend that the parties entered into an enforceable settlement agreement as of the October 25, 2011, Settlement Confirmation letter. But Plaintiff argues the parties never entered into a mutual settlement agreement, and even if they had, any agreement would be unenforceable due to Defendants' fraudulent misrepresentations of fact. Because the Court finds that the parties lacked the requisite intent to be bound by the agreement as set forth in the Settlement Confirmation letter, it does not reach whether there are any grounds for rescission under California Civil Code section 1689(b)(1).

As the Court indicated to the parties prior to the start of the evidentiary hearing, the Court was unable to resolve the factual issue whether the parties intended to be bound as of the date of the Settlement Confirmation letter, or whether they intended to be bound only upon the execution

1  of a final, written and signed instrument, based on the parties' briefing, affidavits, and exhibits
2  alone.  And yet, Defendants—who, as the moving parties, bore the burden to establish the requisite
3  intent, s*ee Olam v. Congress Mortg. Co.*, 68 F. Supp. 2d 1110, 1137 n.39, 1140 (N.D. Cal.
4  1999)—nevertheless submitted based on only the evidence as set forth in the moving papers.

5       Defendants contend that the Settlement Confirmation letter, drafted after several months of
6  negotiations and reciting the "essential agreed terms" of the settlement agreement, constitutes an
7  enforceable contract under California law.  Referring to *Stephan v. Maloof*, 79 Cal. Rptr. 461,
8  463–64 (Cal. Ct. App. 1969), Defendants contend that even if the parties intended to execute a
9  more formal written document, the mere contemplation of further documentation does not render
10 the October 25 agreement unenforceable.  (Mot. to Enforce 5, ECF No. 29)  But unlike in *Stephan*,
11 where it was "not contended that all of the material conditions and terms were not agreed upon,"
12 *id.* at 463, here further negotiations were contemplated before the parties intended to be bound.

13      Indeed, as was the case in *Callie*, 829 F.2d at 890, the Settlement Confirmation letter
14 indicates that the agreement was contingent upon the execution of a stipulated judgment in the
15 amount of $100,000.  (Donovan Decl. Ex. 2, at 16, ECF No. 29)  No such document was ever
16 drafted.  The letter additionally indicates that the agreement would contain bankruptcy protection
17 provisions.  (*Id.* at 17)  No such provisions were ever drafted.  And finally, the phrasing of the
18 Settlement Confirmation letter itself contemplates the execution of a more detailed agreement in
19 the future: "The settlement agreement shall include all other relevant and necessary terms to be
20 mutually agreed upon."  (*Id.*)   A later draft of the settlement agreement was indeed circulated,
21 (*See* Beitchman Decl. Ex. F), but was never signed.

22      Moreover, Plaintiff testified at the evidentiary hearing that the settlement agreement was at
23 all times contingent upon Defendants' verification of their apparently dire financial situation.
24 Plaintiff asserts that he never intended to enter into a settlement agreement until he was satisfied
25 that it was his best course of action—in other words, that it would be better to settle for less than
26 he feels he is owed now, rather than risk receiving nothing later, should Defendants go into
27 bankruptcy.  Despite engaging in extended settlement negotiations, because Plaintiff never
28

received reliable documentation of Defendants' financial difficulties,[3] Plaintiff states that he did not—and indeed would not—commit to any settlement agreement.

On the basis of this evidence, the Court must conclude that the parties did not mutually intend to be bound as of the October 25 Settlement Confirmation letter, and as such no enforceable settlement agreement existed. Defendants' motion is therefore **DENIED**.

## CONCLUSION

For the reasons stated above, Defendants' motion to enforce agreed settlement and dismiss action is **DENIED**. The pretrial dates as set forth in Magistrate Judge Major's December 16, 2011, Order remain in effect. (ECF No. 28)

**IT IS SO ORDERED**.

DATED: March 14, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[3] The sole document provided to Plaintiff regarding Loiacono's financial status was an October 3, 2011, faxed copy of Loiacono's April 5, 2011, notice of home foreclosure. (Beitchman Decl. Ex. D, ECF No. 35-1) Of note, however, by the time this document was faxed to Plaintiff, the notice of foreclosure had been rescinded, on August 23, 2011. (*Id.* Ex. G)